(No. 3197—

ESTELLE LANDERS ALEXANDER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1943.*

C. VICTOR CARDOSE, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

6

FISHER, J.

This claim was filed February 2, 1938, and the record of the claim completed on June 4, 1943.

The claim is for benefits under the Workmen's Compensation Act for the death of claimant's husband and for medical and funeral expenses as a result thereof.

It is alleged that Louis C. Alexander, deceased, was employed by the Department of Public Health of the State of Illinois, as a messenger to carry specimen and infectious test tubes and containers from and to the offices of the Department of Public Health.

It is further alleged that on or about October 6, 1937, the said Louis C. Alexander, while in the performance of his duties and while carrying containers of typhoid bacteria was infected with typhoid caused by breakage or defective containers, which he was transporting; that the Department of Public Health did not provide for inoculation against said disease and that as a result of having contracted typhoid fever, deceased died on October 15, 1937, leaving claimant Estelle Landers Alexander as his sole dependent. Claimant seeks an award in the sum of $5,000.00 for the death of her husband and the sum of $500.00 for medical and funeral expenses.

The record consists of the complaint, report of the Department of Public Health, transcript of claimant's

testimony, and statement, brief and argument on behalf of claimant and respondent.

The evidence presented is that of persons with whom the deceased spoke, or those who had seen the deceased handling containers. There is no evidence which sustains the allegation that the deceased handled and transported defective or broken containers. There is no evidence from which it could reasonably be assumed that the deceased contracted typhoid fever from condition of, or as a result of, his employment.

An award may not be based upon speculation or conjecture, but must be based upon facts established by a preponderance of the evidence.

*Libby, McNeil & Libby* vs. *Industrial Commission*, 320 Illinois 293.

The report of the Department of Public Health, stipulated herein, states that the deceased was employed as a messenger, his duties being to receive and store freight shipments; preparing and mailing literature and occasionally helping to set up exhibits. His work did not bring him in contact with infectious material in the laboratory.

The material allegations of the complaint are not sustained by the evidence and an award must therefore be denied.

Award denied.